| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Stanley Lydell Grant** | | Social Security number or ITIN: | xxx-xx-5901 |
| | First Name   Middle Name   Last Name | | | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | | | |
| United States Bankruptcy Court | Western District of New York | | Date case filed for chapter 13 | 8/17/18 |
| Case number: | 2-18-20858-PRW | | | |

Official Form 309I
## Notice of Chapter 13 Bankruptcy Case
12/15

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered. This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Stanley Lydell Grant | |
| 2. | All other names used in the last 8 years | aka S Lydell Grant, aka Stanley Grant, aka S Grant, aka Staney Grant, aka Stan Grant | |
| 3. | Address | 1015 W. Ridge Road<br>Rochester, NY 14615 | |
| 4. | Debtor's attorney<br>Name and address | Miguel A. Reyes<br>Miguel A. Reyes, Esq.<br>1664 North Clinton Avenue<br>Rochester, NY 14621 | Contact phone (585) 342-4600 |
| 5. | Bankruptcy trustee<br>Name and address | George M. Reiber<br>3136 S. Winton Road, Suite 206<br>Rochester, NY 14623 | Contact phone (585) 427-7225 |
| 6. | Bankruptcy clerk's office<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 100 State Street<br>Rochester, NY 14614<br>Website: http://www.nywb.uscourts.gov | Hours open: 8:00 a.m. to 4:30 p.m.<br>Monday – Friday<br>Contact phone (585) 613-4200<br>Date: 8/21/18 |

For more information, see page 2 >

Official Form 309I                    Notice of Chapter 13 Bankruptcy Case                    page 1

Case 2-18-20858-PRW,   Doc 11,   Filed 08/23/18,   Entered 08/24/18 00:59:43,
Description: Imaged Certificate of Notice, Page 2 of 3

Case 2-18-20858-PRW,   Doc 27,   Filed 09/17/18,   Entered 09/17/18 08:36:27,
Description: Main Document  , Page 1 of 7

Debtor Stanley Lydell Grant    Case number 2-18-20858-PRW

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **October 1, 2018 at 09:45 AM**<br><br>Debtors must provide picture identification and proof of social security number to the trustee at this meeting of creditors. Failure to do so may result in your case being dismissed.<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>Office of the U.S. Trustee,<br>100 State Street, Room 6080,<br>Rochester, NY 14614 |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>You must file:<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | Filing deadline: 11/30/18 |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | Filing deadline: 10/26/18 |
| | **Deadline for governmental units to file a proof of claim:** | Filing deadline: 2/13/19 |
| | **Deadlines for filing proof of claim:**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Objections to confirmation may be made in accordance with FRBP Rule 3015(f) or as otherwise permitted by the Court.** | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has not filed a plan as of this date. You will be sent separate notice of the hearing on confirmation of the plan. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. | |

Official Form 309I    Notice of Chapter 13 Bankruptcy Case    page 2

Case 2-18-20858-PRW,    Doc 11,    Filed 08/23/18,    Entered 08/24/18 00:59:43,
Description: Imaged Certificate of Notice, Page 3 of 3
Case 2-18-20858-PRW,    Doc 27,    Filed 09/17/18,    Entered 09/17/18 08:36:27,
Description: Main Document  , Page 2 of 7

Fill in this information to identify your case:

Debtor 1: **Stanley Lydell Grant**
  First Name  Middle Name  Last Name

Debtor 2:
(Spouse, if filing)  First Name  Middle Name  Last Name

United States Bankruptcy Court for the: **WESTERN DISTRICT OF NEW YORK**

Case number: **2-18-20858**
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ■ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

**$1262.86** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner.

*Check all that apply:*
☒ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

2.3 Income tax refunds.
  *Check one.*
  ☐ Debtor(s) will retain any income tax refunds received during the plan term.

Debtor **Stanley Lydell Grant**      Case number **2-18-20858**

- [x] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- [ ] Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- [x] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is **$75,771.60**.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*
- [x] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- [x] None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3** Secured claims excluded from 11 U.S.C. § 506.

*Check one.*
- [ ] None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- [x] The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| American Tax Funding | Property Taxes and interest for 112 Sherman Street, Rochester, NY | $8,136.52 | 6.00% | $201.93<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $9,086.90 |
| American Tax Funding | Porperty taxes for 196 Warner St, Rochester, NY | $6,164.04 | 6.00% | $152.98<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $6,883.99 |
| Propel Financial 1, LLC | For property taxes; 196 Warner Street, Rochester, NY | $13,772.19 | 6.00% | $341.80<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $15,380.82 |

| Debtor | Stanley Lydell Grant | | Case number | 2-18-20858 | |
|---|---|---|---|---|---|

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Propel Financial, LLC | For property taxes; 112 Sherman Street, Rochester, NY | $13,906.42 | 6.00% | $345.13<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | $15,530.74 |
| US BANK as Custodian for Tower DBW II | For property taxes; 112 Sherman Street, Rochester, NY | $2,448.12 | 6.00% | $60.76<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | $2,734.07 |
| US BANK as Custodian for Tower DBW II | For property taxes; 196 Warner Street, Rochester, NY | $457.35 | 6.00% | $11.35<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | $510.72 |

*Insert additional claims as needed.*

3.4  **Lien avoidance.**

   *Check one.*
   - ■ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5  **Surrender of collateral.**

   *Check one.*
   - ■ None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4: Treatment of Fees and Priority Claims**

4.1  **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2  **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**7,577.40**.

4.3  **Attorney's fees.**
The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**0.00**.

4.4  **Priority claims other than attorney's fees and those treated in § 4.5.**

   *Check one.*
   - ☐ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
   - ■ The debtor(s) estimate the total amount of other priority claims to be $**17,391.95**.

4.5  **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   *Check one.*
   - ■ None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5: Treatment of Nonpriority Unsecured Claims**

| Official Form 113 | Chapter 13 Plan | Page 3 |
|---|---|---|
| Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com | | Best Case Bankruptcy |

5.1    Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $          .
- ☐ ____% of the total amount of these claims, an estimated payment of $____.
- ☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**20,065.36**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

■ None. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3    Other separately classified nonpriority unsecured claims. *Check one.*

■ None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

■ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

7.1    Property of the estate will vest in the debtor(s) upon
*Check the appliable box:*
- ☒ plan confirmation.
- ☐ entry of discharge.
- ☐ other: _____

### Part 8: Nonstandard Plan Provisions

8.1    Check "None" or List Nonstandard Plan Provisions
■ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9: Signature(s):

9.1    Signatures of Debtor(s) and Debtor(s)' Attorney
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X */s/ Stanley Grant*
Stanley Lydell Grant
Signature of Debtor 1

Executed on **August 17, 2018**

X */s/ Miguel A. Reyes*
Miguel A. Reyes
Signature of Attorney for Debtor(s)

X _____
Signature of Debtor 2

Executed on _____

Date **August 17, 2018**

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Debtor **Stanley Lydell Grant** Case number **2-18-20858**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $0.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $50,127.24 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $24,969.35 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $675.00 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | **$75,771.59** |